*664 [B]efore the case was filed, [she] asked the detective to get a buccal swab from appellee, but he did not do it. [She] again asked the detective to get a buccal swab when the preliminary CODIS hit was confirmed on January 29, 2009. That CODIS hit was not posted to the [Electronic Case Filing System] until July 29.
The next follow-up by the prosecutor was a telephone call eight and a half months after the second request, on September 15, 2009. There followed another call on October 28, an e-mail on November 10, and calls on November 17 and 20 and December 4. The prosecutor called the detective again on December 8, and apparently still getting no response, called his sergeant the same day. After that call, the detective obtained a buccal swab from appellee. The CODIS confirmation was posted to the ECFS on January 19, 2010.
Id. at 254 n.4.
The defense subsequently filed a motion to suppress the DNA testing evidence because of its tardy disclosure. Id. at 254. During an in camera hearing, the trial judge agreed that the DNA testing evidence should be excluded at trial because of the State's discovery violations.[4] Id. at 256. The delay in Tarin was considerably longer. Tarin , 2018 WL 3861382, at *3 (18-month delay). These cases should serve as cautionary tales.
CONCLUSION
Although I disagree with the court of appeals's analysis with respect to the second Barker factor, I do not think that the lower court reached the wrong result. Consequently, and with these comments, I concur in the judgment of the Court to refuse Appellant's petition for discretionary review.

Neither the court of appeals nor this Court addressed the merits of the exclusion of the evidence because the court of appeals lacked jurisdiction to consider the appeal, but I cite the case for demonstrative purposes.